57 F.3d 1076
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Samuel A. FORDJOUR, Plaintiff-Appellant,
v.
FORTIES BENEFITS INSURANCE COMPANY, Defendant-Appellee.
 No. 94-16484.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel A. Fordjour appeals pro se the district court's order enforcing a settlement agreement between Fordjour and Fortis Benefits Insurance, Co., ("Fortis") pursuant to which Fordjour's action was dismissed with prejudice. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for clear error the district court's finding that the parties reached agreement on settlement terms. See Ahern v. Central Pac. Freight Lines, 846 F.2d 47, 48 (9th Cir.1988) ("the district court's finding that [a party] assented to the settlement and intended to be bound by it must be affirmed unless it is clearly erroneous").
 
 
 4
 To conserve judicial resources and to limit costly litigation, we favor and encourage settlements. Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir.1989). "Normally, if a party enters into a settlement agreement knowingly and voluntarily, the agreement is treated as a binding contract and the party is precluded from raising the underlying claims." Arnold v. USPS, 816 F.2d 1306, 1309 (9th Cir.1987).
 
 
 5
 This court relies on basic principles of state contract law in interpreting a settlement agreement. See Jeff D., 899 F.2d at 759. Accordingly, we apply the contract law of California. When interpreting a settlement agreement, we must consider all its terms as well as the circumstances and conduct surrounding the execution of the agreement. See In re Marriage of Hasso, 229 Cal.App.3d 1174, 1180-81 (1991). Assent to the terms of a settlement agreement can be implied from the circumstances, and a party's conduct which is consistent with an assent to the terms of the agreement raises a presumption of assent. Ahern, 846 F.2d at 49; see also Meyer v. Benko, 127 Cal.Rptr. 846, 848 (Cal.Ct.App.1976) (a party's intent to enter into a binding contract is judged on an objective standard).
 
 
 6
 Here, Fordjour entered into a settlement agreement with Fortis in which he agreed to the dismissal of his action and all claims against Fortis in exchange for $5,000. Fordjour signed the settlement agreement and the proposed order dismissing the action and received $5,000 from Fortis pursuant to the settlement agreement. In the agreement, Fordjour acknowledged that he had read and understood the agreement, was entering into the agreement voluntarily, and had been advised by the attorneys representing Fortis to have the agreement reviewed by an attorney, but was declining to do so. Moreover, it is uncontested that at the July 15, 1994 hearing, in which Fordjour sought to retain the $5,000 and proceed with the action, Fordjour acknowledged that he had read and understood the consequences of the settlement agreement before he signed it. Although he claimed the settlement was obtained through fraud and deceit, he offered no support for those assertions either at the hearing or on appeal.
 
 
 7
 Given these circumstances, the district court's finding that there was a binding settlement agreement was not clearly erroneous, and we will not look to the underlying merits of Fordjour's action. See Arnold, 816 F.2d at 1309; Ahern, 846 F.2d at 49.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Fortis requests sanctions against Fordjour for filing a frivolous appeal. We have discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009 (citation omitted). Pursuant to Rule 38, as amended December 1, 1994, a request for sanctions should be contained in "a separately filed motion ... and reasonable opportunity to respond" should be given. See Fed.R.App.P. 38
 Here, Fortis's motion was not separately filed. Although Fordjour's appeal is wholly without merit, we decline to impose sanctions.